944 So.2d 521 (2006)
COVENTRY FIRST LLC, Appellant,
v.
Warren MARMORSTEIN, Appellee.
No. 4D06-2139.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
Rehearing Denied December 20, 2006.
Cozen O'Connor and Sherril M. Colombo, Miami and F. Warren Jacoby and Jennifer M. McHugh, Philadelphia, for appellant.
Ronald M. Zakarin of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Boca Raton and Andrew S. Berman of Young, Berman, Karpf & Gonzalez, P.A., North Miami Beach, for appellee.
KLEIN, J.
We withdraw our opinion filed on November 1, 2006 and replace it with this opinion.
Marmorstein sued Coventry First LLC for tortious interference with a business relationship he had with the Wallachs. Coventry moved to compel arbitration under the contract it had with Marmorstein, because the contract provided for arbitration of all disputes. The trial court denied arbitration, but we reverse.
Coventry and Marmorstein entered into a written agreement in which Marmorstein, a CPA and financial advisor, agreed to procure the sale of existing life insurance policies to Coventry from the owners of policies. This was a non-exclusive agreement which permitted Marmorstein to submit policies to other companies and permitted Coventry to accept policies from other producers. The contract did, however, require Marmorstein to submit all policies to Coventry even though it did not preclude him from submitting the same policies to other prospective purchasers.
In this case Marmorstein alleged that he had a contract with the Wallachs to sell *522 their life insurance policy, and that Marmorstein had found a purchaser other than Coventry to purchase the policy. Marmorstein had submitted the Wallachs policy to several prospective purchasers including Coventry. Marmorstein alleges tortious interference against both Coventry and the Wallachs; however, it is only the claim against Coventry which involves arbitration.
Section 5 of the agreement between Marmorstein and Coventry, which referred to Marmorstein as the "producer," provided that certain proprietary information about Coventry was confidential and authorized Coventry to obtain an injunction in the event the producer breached the confidentiality agreement. The arbitration provision which followed stated:
Arbitration. Except to the extent that the Coventry and/or other Coventry Parties may seek equitable relief pursuant to Section 5 above, all other disputes between the parties (including any Producer Party) and any claims which may be brought against any Coventry Party shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules.
Both parties recognize that Seifert v. United States Home Corp., 750 So.2d 633 (Fla.1999), is the Florida Supreme Court case most on point. In that case the Seiferts had purchased a new home from U.S. Home under a contract which provided for arbitration of any controversy "arising under or related to this Agreement." After the Seiferts moved into their home they left the car running in the garage, and the air conditioning system distributed the carbon monoxide emissions from the car into the house, killing Mr. Seifert. His widow brought a wrongful death action for negligence against U.S. Home, and the issue was whether the contract required arbitration.
After surveying the case law from Florida and other jurisdictions, our supreme court stated:
As the prevailing case law illustrates, even in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause.
Id. at 638.
Marmorstein has not attached his contract with Coventry to his complaint; however, he has alleged in his complaint that he had a business relationship with Coventry for the purpose of presenting opportunities to purchase life insurance policies. The duties which Marmorstein and Coventry owe each other in their business relationship are spelled out by the contract. Coventry points out that the agreement provides that if Coventry receives an application from Marmorstein and any other person involving the same policy, Coventry would have the right to decide which producer it would make the settlement with, and that it would have no liability if it used a person other than Marmorstein. Coventry accordingly takes the position that it was entitled under the contract to exclude Marmorstein when it purchased the Wallachs' policy.
Seifert requires that there be "some nexus between the dispute and the contract containing the arbitration clause." Seifert at 638. In this case there is that nexus. First, Coventry became aware of the opportunity to purchase the Wallachs' policy through its contractual relationship with Marmorstein. Second, Coventry contends that it had a right, under the contract, to purchase the policy without Marmorstein's involvement.
*523 Marmorstein points out that this is a tort claim and, because Seifert involved a tort claim, the cases are similar. The Seifert court emphasized, however, that the claim was for death or personal injuries, which involved "duties wholly independent from the agreement." Seifert, 750 So.2d at 642. In this case the damages are not for personal injuries or wrongful death, but rather for the type of compensation Marmorstein would normally earn through his contractual relationship with Coventry.
We accordingly conclude that, under Seifert and the cases cited in Seifert, Marmorstein's claim for tortious interference must be arbitrated.[1]
Reversed.
POLEN and MAY, JJ., concur.
NOTES
[1] The arbitration provision in the present case requiring arbitration of "all disputes" is broader than the arbitration provision in Seifert, which included the "related to this Agreement" language. Although both parties have cited cases from Florida and other jurisdictions, neither has found a case which has such a broad arbitration clause. Because there is a relationship in this case between the dispute and the contract, it is unnecessary for us to decide whether the provision in this case would apply to disputes which are unrelated to the contract.